## MARY L. SMITH *vs.* EDISON ELECTRIC ILLUMINATING COMPANY.

Plymouth.    January 16, 1908. — April 3, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Nuisance.    Negligence,* In use of sewer, In use of highway.

One who has permission from the authorities of a municipality to use a drain in connection with a municipal sewer provided that he will use it "for the carrying of clear water only," is not justified by such permission in discharging through the drain into the sewer a substance which causes steam to arise from the sewer from which injury results to a person rightfully on the public street.

At the trial of an action of tort against an electric light company for injuries alleged to have been caused to the plaintiff, a woman, by reason of steam discharged by the defendant upon the public street, it appeared that the defendant had been permitted by the municipal authorities to construct a private drain from its station connecting with a public sewer, it being stipulated that the drain should be used "for the carrying of clear water only." There was evidence tending to show that, as the plaintiff was passing on the street adjoining the defendant's premises, she became enveloped in a cloud of steam coming from a culvert opening into the sewer, became confused, fell and was injured. The defendant admitted that the steam came from its station, but gave no explanation of its presence in the sewer. *Held,* that there was evidence from which the jury would have been warranted in finding that such unexplained escape of steam upon the highway was a nuisance, for which the defendant was responsible, and that such an injury to travellers as that caused to the plaintiff might have been found to have been the natural consequence of the defendant's act.

TORT for personal injuries, as described in the opinion. Writ in the Superior Court for the county of Plymouth dated July 23, 1906.

There was a trial before *Bell,* J., who refused to direct a verdict for the defendant, and, the jury finding for the plaintiff, the defendant alleged exceptions. The facts are stated in the opinion.

The case was submitted on briefs.

*F. M. Bixby,* for the defendant.

*D. J. Sheerin,* for the plaintiff.

RUGG, J. This is an action of tort to recover for personal injuries. The plaintiff, while walking upon a public street in Brockton, became enveloped in steam arising from a culvert in the street, which obscured her vision and caused her to become

so bewildered that she fell and received the injuries for which in this action she seeks to recover damages.   There was evidence tending to show that the plaintiff was in the exercise of due care, and that columns of steam in varying quantities had been seen at the place for a considerable time before the accident. The defendant admitted that the steam came from its station, but sought to justify its conduct under a permit, issued by the board of aldermen of Brockton, giving it a right to dig up the street and to connect with the public drain therein, "its drain [to] be used for the carrying of clear water only." The defendant's exception to the refusal of the Superior Court to direct a verdict in its favor brings the case before us.

If full effect be given to the terms of the permit, it affords no protection to the defendant. Permission to turn clear water into the drain is not equivalent to a license to force into it steam or water so hot as to vaporize, or to do any act which would result in the presence of a cloud of steam on the highway. *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463. No right was conferred to interfere with the rights or safety of travellers upon the street. The unexplained escape from the estate of an abutting owner, into a public way, of so much steam as to envelop travellers and cause them to become confused, might be found to be a nuisance. It was competent for the jury, under appropriate instructions, to decide that the defendant was negligent in permitting the state of facts to exist which, according to the plaintiff's testimony, caused her injury. Nor can it be said that injury to travellers, in the manner complained of, ought not to have been apprehended as a reasonable result of suddenly pouring quantities of steam into the street. The jury might be convinced that bewilderment, a misstep and fall, were the natural consequences of such an act. The highest degree of precaution on the part of ordinary pedestrians cannot be expected under such conditions, and anything short of that might result in accident.   See *Turner* v. *Page*, 186 Mass. 600.

*Exceptions overruled.*