# Hoch *v*. Butler Township, Appellant.

*Negligence—Municipal corporations—Highways—Notice—Evidence— Circumstantial proof.*

In an action against a township to recover damages for injuries received by plaintiff through falling from a heavily loaded wagon on which he was riding down a steep grade on a rough mountain road, the case is for the jury where it appears that the road had been in very bad condition for months and the township supervisors had both constructive and actual knowledge of its defects; that the gutters at the side had become filled with earth and the surface water from rains had been diverted to the middle of the road where it had made small gullies and washed the earth from the stones in the roadbed; that a front wheel of plaintiff's wagon struck the thin edge of a wedge-shaped stone, a foot in length and seven inches in width at its thicker end, and pushed it on the top of other large stones, raising the wheel eighteen or twenty inches; and that stones of like size were in the roadbed in the immediate vicinity, though there is no proof of the length of time the particular stones which caused the accident had been in the road.

Argued April 12, 1911. Appeal, No. 82, Jan. T., 1911, by defendant, from judgment of C. P. Luzerne Co., Oct. Term, 1907, No. 1,026, on verdict for plaintiff in case of Nelson Hoch v. Butler Township. Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Terry, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Errors assigned* were various rulings of the court on evidence and refusal to give binding instructions for the defendant.

*F. W. Wheaton*, with him *Roger Dever, P. F. O'Neill* and *Philip L. Drum*, for appellant.

*John McGahren*, with him *John M. Carr*, for appellee.

PER CURIAM, July 6, 1911:

The plaintiff was injured by falling from a heavily-loaded wagon on which he was riding, down a steep grade on a rough mountain road. The road had been in very bad condition for months and the township supervisors had both constructive and actual notice of its defects. The gutters at the sides had become filled with earth and the surface water from rains had been diverted to the middle of the road, where it had made small gullies and washed the earth from the stones in the roadbed. A front wheel of the plaintiff's wagon struck the thin edge of a wedge-shaped stone, a foot in length and seven inches in width at its thicker end and pushed it on the top of other large stones, raising the wheel eighteen or twenty inches. It was shown that stones of like size were in the roadbed in the immediate vicinity. There was, however, no proof of the length of time the particular stones which caused the accident had been in the road. Nor was such proof necessary to make out a prima facie case. If these stones had been on an otherwise even surface, there might have been a presumption that they had been placed there by a teamster to block his wagon while resting his horses or had slid down from the steep banks. But their presence in the road was not a specific defect, presumably of recent origin. They were a part of a defective condition common to the road generally.

The case was submitted to the jury with great care and we find no error in the record.

The judgment is affirmed.