## Grinage *v.* McGlinchey, Appellant.

*Negligence—Greasy sidewalk—Garage.*

A person who slips and falls on a greasy sidewalk in front of a garage may recover damages from the owner of the garage, where she testifies that she noticed a large wet space on the pavement covering the width of it which she supposed was caused by water and dirt but which was really caused by oil and grease, and a witness testified that it was the custom, every week, on ash days for grease cans to be placed at the top of the pavement slope, from which oil and grease dropped and ran down on the pavement: Patterson v. Philadelphia, 56 Pa. Superior Ct. 651, followed.

Argued Nov. 22, 1915.    Appeal, No. 110, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1915, No. 431, on verdict for plaintiff in case of Sarah Grinage v. Michael McGlinchey, trading as Majestic Garage.    Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*James Francis Ryan,* with him *Daniel G. Murphy* and *Michael J. Ryan,* for appellant.—The burden of proving appellant's negligence on the date of this accident was not met by the appellee, and under the law, the case should not have been left to the jury: Beck v. Germantown Cricket Club, 37 Pa. Superior Ct. 521; Barnes v.

Sowden, 119 Pa. 53; Frazier Bros. v. Lloyd, 23 W. N. C. 178; Rushton v. Allegheny City, 192 Pa. 574.

*William Charles Brown,* for appellee.—Appellee has met the burden of proof: Mack v. Pittsburgh Rys. Co., 247 Pa. 598.

Opinion by Orlady, P. J., March 1, 1916:

The plaintiff, in passing the defendant garage for the first time, slipped on the pavement and sustained injuries, to recover damages for which this action is brought.

It was shown that the pavement sloped from the building line to the curb, and she testified that in passing the garage she noticed a large wet space on the pavement, which at the time, she believed to be water and dirt, but when she fell, noticed that it was oil and grease, and that it covered the width of the pavement. A witness, in her behalf, stated, that it was the custom, every week, on ash days, for the defendant's employees to place grease cans at the top of the pavement slope, from which oil and grease dropped and run down on the pavement.

The plaintiff clearly established the fact that her injury was caused by the greasy pavement. Its source, and the length of time it had been there were disputed, and these facts were fairly left to the jury, under ample evidence to warrant the finding that it came from cans used about the garage. The defendant's first and second points and the answers of the court thereto, presented a proper submission of the question of contributory negligence to the jury, as well as the pivotal question in the case—the negligence of the defendant in permitting the pavement in front of his garage to be covered with oil or grease, and by this means endanger the safety of pedestrians in using it.

The facts in this case are so similar to those in Patterson v. Philadelphia, 56 Pa. Superior Ct. 651, that the reasoning of Judge Henderson is especially applicable here.

The judgment is affirmed.