## Jones v. Beck's Sea Food Co.

*Frank J. Eustace, Jr.*, for plaintiff.
*David F. Kaliner*, for defendant.

MAWHINNEY, J., May 3, 1946.—This action in trespass involves a claim for damages arising out of an accident occasioned by plaintiff stepping on a pebble on defendant's pavement, causing her to fall and sustain personal injuries. The case came on for trial before a jury and a verdict was returned for plaintiff in the sum of $500. The case is now before the court on a motion by defendant for judgment non obstante veredicto.

The accident in question happened on June 20, 1944, between 9:30 and 10 p.m. on the pavement of Beck's

Sea Food Company, which was the owner in possession and control of premises, including a parking lot situated at the southeast corner of Rising Sun Avenue and Roosevelt Boulevard in Philadelphia, extending from Rising Sun Avenue to A Street. At the time of the accident plaintiff was walking eastwardly on the south pavement of the boulevard. As plaintiff approached within three feet from the east end of the building past the last entrance into the restaurant, she stepped on a stone causing her to fall to the pavement. Plaintiff testified she didn't see any stones until she had fallen because the pavement was not well lighted due to the trees throwing a shadow. While on the pavement she noticed five or six stones lying thereon of about one half to three quarter inches in size. She further testified that at the east end of the building there is a parking lot which is surfaced with the same types of stones as the ones she observed on the pavement. A Philadelphia city policeman who was on duty in the vicinity reached plaintiff while she was still on the pavement. He testified that he saw possibly a half dozen stones on the sidewalk about the size of a marble. He stated the stones were not the same as surfaced the parking lot, which was located five or six feet from the scene of the accident. Another woman testified that in May 1944 she had turned her ankle by stepping on a stone in about the same location, and that she had noticed nine or ten stones on the pavement at that time. She stated the stone on the parking lot and the stones on the pavement were the same type. She further stated that since she had turned her ankle she had passed by the restaurant four or five times, the last time as recently as a week before plaintiff's accident, and she observed there were "usually" stones on the pavement about a half inch to an inch in size. This witness further stated that she had observed cars backing out and going in the parking lot near the east end of the restaurant, and had noticed

the wheels causing loose stones on the parking lot to be thrown on the pavement near the scene of the accident.

The janitor and porter employed by defendant admitted that there were a few small stones on the pavement "sometimes" but he always swept them off. The manager of defendant company testified he gave the porter orders to sweep the sidewalks once a day and sometimes during the day. He stated that the lighting was good and unobstructed at the scene of the accident. He admitted, however, that within a week prior to the accident he personally saw stones on the sidewalk and that they were there quite often. He further stated that the day after the accident he observed stones on the sidewalk at the point of the accident. He declined to state, however, that the parking lot was surfaced with stones similar to those observed on the pavement.

In considering a case on a rule for judgment for defendant non obstante veredicto, the testimony must be reviewed in a light most favorable to plaintiff and plaintiff must be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence: See Morin v. Kreidt, 310 Pa. 90. The court must reject all inferences unfavorable to plaintiff: Young v. Yellow Cab Co. et al., 118 Pa. Superior Ct. 495. In the present case there was conflicting testimony which was properly presented to the jury and it found in favor of plaintiff. The evidence is undisputed that plaintiff stepped on a stone on defendant's pavement and fell, causing the injuries of which she complained. The evidence is undisputed that there were stones on defendant's pavement on numerous occasions prior to and after the accident. There is testimony by two witnesses that the stones seen on the pavement were the same type as surfaced the parking lot five or six feet away from where the accident occurred. There is testimony, uncontradicted, that stones from the top of the parking lot surface had been seen thrown by the wheels of automobiles toward and on the pavement.

There was sufficient credible testimony for the jury to return the verdict. Defendant had knowledge of the occasional presence of stones on the sidewalk and should have known that stones from the surface of the parking lot were being thrown on the pavement by the wheels of automobiles, and if such stones caused the condition which resulted in plaintiff's injury, then the jury's verdict in finding defendant negligent will not be set aside. Nor does it matter that the particular stone upon which plaintiff slipped cannot be identified, or that there was no proof of the length of time the stone which caused the damage lay on the sidewalk. See Hoch v. Butler Twp., 232 Pa. 454. In that case plaintiff was injured by falling from a heavily loaded wagon on which he was riding. Plaintiff was thrown from the wagon when the front wheel struck a wedge-shaped stone and pushed it on the top of other large stones, raising the front wheel 18 or 20 inches. The court in affirming the judgment of the lower court said, at page 455:

"It was shown that stones of like size were in the roadbed in the immediate vicinity. There was, however, no proof of the length of time the particular stones which caused the accident had been in the road. Nor was such proof necessary to make out a prima facie case."

Thus, in reviewing the facts in a light most favorable to plaintiff and giving her the benefit of every fact and inference which may be reasonably deduced from the testimony, it is evident that the jury could properly have found that defendant knowingly permitted the parking lot to be operated and remain in condition which caused loose stones from the surface of the lot to be thrown on the pavement by the wheels of automobiles coming and going. Defendant's negligence consisted in operating the parking lot in its present condition so near the public pavement that it should have realized that such a condition involved an unreasonable

692

risk as a natural and probable outcome to others who were lawfully walking with reasonable care on the sidewalk. See Brown v. White, 202 Pa. 297, Patterson v. Philadelphia, 56 Pa. Superior Ct. 651, Grinage v. McGlinchey, 62 Pa. Superior Ct. 294, Schaut v. St. Marys' Borough et al., 141 Pa. Superior Ct. 388.

Wherefore, defendant's motion for judgment non obstante veredicto is overruled.