CHARLOTTE MAYS *vs.* CHARLES GAMARNICK.

Suffolk.    May 3, 1950. — June 12, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Use of way, Slippery substance, Garage, One owning or controlling real estate.

A finding of negligence on the part of the proprietor of a garage toward a pedestrian, who slipped and fell on hard packed greasy oil on a driveway crossing a public sidewalk to the street from the foot of a ramp leading up to the garage, was warranted by evidence that oil came upon the ramp and thence down onto the driveway from barrels of oil located inside the garage near the top of the ramp and used by taxicab drivers in servicing taxicabs stored in the garage, and that such condition had existed for several weeks before the pedestrian's fall.

TORT for negligence of the defendant. Writ in the Superior Court dated May 12, 1947.

The action was tried before *Hanify*, J. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*P. S. Ratzkoff*, for the defendant.

*T. B. Shea*, (*J. A. Caulfield* with him,) for the plaintiff.

RONAN, J. The plaintiff fell while walking along that portion of a sidewalk which consisted of a driveway that adjoined a ramp leading up to the entrance of a garage which was in control and possession of the defendant. The defendant excepted to the denial of his motion for a directed verdict.

An examination of the evidence in the light most favorable to the plaintiff would warrant a jury in adopting the following version of the accident. The plaintiff, while returning from work in the early evening of December 13, 1945, stepped down from the sidewalk onto a driveway nine feet wide which crossed the sidewalk, and slipped and fell upon hard-packed greasy oil extending from the top of the ramp down the driveway and across the sidewalk. There had been oil and grease about the ramp and this driveway for several weeks before the accident, and at times the ramp and driveway were sanded, but there was no sand there when she fell. The defendant stored twenty-eight automobiles for certain taxi companies and other automobiles for private owners. Inside the garage and a short distance from the top of the ramp were barrels of oil — no more than four at a time. Each cab driver took care of his automobile and kept it supplied with oil, gasoline, and water. The oil was pumped out of the barrels into a can and then put into the engines of the automobiles. For a month before the accident the ramp "would have a little sand" but "outside the ramp it was caked, caked with grease and all," which "would run . . . from in the ramp, out across the sidewalk to the curb." The condition of the ramp at the time of the accident was caused by oil which had started from the top of the ramp at the oil tank and had flowed down the ramp and across the driveway.

The defendant, being in control and possession of the premises abutting a public way, was under no obligation to remove any obstruction from the way which was placed there by a stranger and which was not caused to be on the way by any wrongful or negligent conduct of the abutter, and the same is true where the sidewalk has become unsafe for the use of pedestrians by the act of some third person who is neither the defendant's agent nor subject to his control while on the sidewalk. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122. *Farolato* v. *Springfield Five Cents Savings Bank*, 310 Mass. 806. *O'Keefe* v. *William J. Barry Co.* 311 Mass. 517. But an abutter in control and occupation of premises as between himself and the public must exercise reasonable care to maintain his premises in a proper and safe condition so as not to cause injury to the public travelling on the way, and if he knows or ought to know that the use which he is making or permitting to be made of his premises is rendering the public way dangerous for those passing along the way, he may be found liable to a pedestrian who thereby sustains an injury. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149. *Rockport* v. *Rockport Granite Co.* 177 Mass. 246. *Agnew* v. *Franks*, 255 Mass. 539. *Pease* v. *Parsons*, 273 Mass. 111, 118–119. *Hunt* v. *Lane Brothers Co.* 294 Mass. 582. *Lay* v. *Pacific Perforating Co. Ltd.* 62 Cal. App. (2d) 233. *Gluck* v. *London*, 267 N. Y. 588. Where, as here, a jury could properly find that the usual and ordinary activities conducted upon the defendant's premises resulted in the escape of oil therefrom onto the public way for such a period of time that the defendant knew or ought to have known that someone traveling along the way might be injured, then the jury could find that such injury was caused by the defendant's negligence. *Smith* v. *Edison Electric Illuminating Co.* 198 Mass. 330. *Agnew* v. *Franks*, 255 Mass. 539. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383, 387. Those conducting garages and filling stations supplying oil and gasoline to automobiles have frequently been held liable to travellers suffering injuries where the oil or gasoline has been spilt on the way or drained

upon the way from the defendant's premises. *Fitzgerald
v. McClymont,* 314 Mass. 497. *Hanlon* v. *Waterbury,* 108
Conn. 197. *Keegan* v. *Hohorst,* 261 N. Y. 566. *Grinage* v.
*McGlinchey,* 62 Pa. Super. Ct. 294. *Service Refining Co.* v.
*Hutcherson,* 179 S. W. (2d) 772 (Tex. Civ. App.) *Collais* v.
*Buck & Bowers Oil Co.* 175 Wash. 263.

*Exceptions overruled.*