DOROTHY WALLACE *vs.* FOLSOM'S MARKET, INC.

Suffolk.    October 2, 1961. — November 14, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Way,* Public: sidewalk elevator, use of way.    *Negligence,* Sidewalk elevator, One owning or controlling real estate.

Evidence at a trial merely that there was a hole in a public sidewalk next to the "old and rusty" iron frame around the top of a sidewalk elevator which descended to the basement of a building and that the frame was one and three-eighths inches above the bottom of the hole and one inch above the level of the sidewalk did not warrant a finding that the frame was defective or that a tenant occupying the building was negligent toward a pedestrian who sustained injuries when she tripped on the edge of the frame and fell and who testified that the hole "may have had something to do with her fall."

TORT. Writ in the Municipal Court of the City of Boston
dated January 22, 1959.

The action was heard by *Lewiton,* J.

*John Landfield,* (*John F. Doherty* with him,) for the
plaintiff.

*Peter D. Cole,* (*William C. Gardiner* with him,) for the
defendant.

KIRK, J. The Appellate Division vacated a finding for
the plaintiff in this action of tort for negligence and ordered

judgment for the defendant. Injuries were sustained in a fall by the plaintiff when, about midnight November 1, 1958, in a poorly lighted section of Northampton Street, Boston, she caught her foot or tripped on the edge of part of a metal frame around the metal top of an elevator or bulkhead set in the public sidewalk adjacent to a building occupied by the defendant as a tenant. The bulkhead leads to the basement of the defendant's premises, but had never been used by it at any time. There was testimony by the plaintiff that there was a hole in the sidewalk next to the iron frame where her shoe caught, which "may have had something to do with her fall"; and also testimony that the metal frame was one and three-eighths inches above the bottom of the hole where her foot caught, and one inch above the level of the sidewalk at the corner of the frame nearest the hole. There was no evidence, oral or photographic, that any part of the metal frame near or at the point where the plaintiff caught her foot was bent, twisted, or otherwise damaged or defective except that it was "old and rusty."

The only question is whether there was sufficient evidence to warrant a finding for the plaintiff.

It is settled that "an abutter in control and occupation of premises as between himself and the public must exercise reasonable care to maintain his premises in a . . . [reasonably] safe condition so as not to cause injury to the public travelling on the way, and if he knows or ought to know that the use which he is making or permitting to be made of his premises is rendering the public way dangerous for those passing along the way, he may be found liable to a pedestrian who thereby sustains an injury. . . ." *Mays v. Gamarnick,* 326 Mass. 139, 141, and cases cited. It is equally well settled that "[u]nless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the defendant, it had no duty — breach of which would constitute negligence — to keep the sidewalk in a reasonably safe condition for the use of travellers. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383, 387." *Farolato* v. *Springfield Five Cents Sav. Bank,* 310 Mass. 806, 808.

See *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122, 124, and cases cited; *O'Keefe* v. *William J. Barry Co.* 311 Mass. 517, 519–520.

There is no evidence that the frame of the bulkhead was not properly installed or that at the time of the accident it was not in the same condition or in the same position as it was at the time of the original installation. A finding was not warranted that the bulkhead was defective. *Lucas* v. *Boston,* 313 Mass. 495, 497. Nor is there any evidence that the hole in the sidewalk where the plaintiff fell or the difference in level between the metal frame and the existing surface of the sidewalk resulted from any act or omission of the defendant. Hence it had no duty to correct the condition.

It follows that the defendant's request that a finding of negligence was not warranted should have been given.

*Order of Appellate Division affirmed.*

