ROBERT C. GAMERE vs. 236 COMMONWEALTH AVENUE
CONDOMINIUM ASSOCIATION & others.[1]

Suffolk.  December 10, 1984. — February 15, 1985.

Present: BROWN, KAPLAN, & SMITH, JJ.

*Negligence*, Violation of law, One owning or controlling real estate, Snow
    and ice.  *Snow and Ice.  Massachusetts Tort Claims Act.  Municipal
    Corporations*, Liability for tort.  *Way*, Public: defect.

Where evidence in a tort action showed that the plaintiff had fallen on an icy
    sidewalk in front of property adjacent to that of the defendant, rather
    than in front of the defendant's property, the judge did not err in directing
    a verdict for the defendant. [361]
Inasmuch as any obligation imposed by an ordinance of the city of Boston
    requiring householders to remove snow and ice from public sidewalks
    abutting their property runs to the municipality and not to a member of
    the travelling public, the judge at the trial of a tort action arising from
    the plaintiff's fall on an icy sidewalk did not err in excluding the ordinance
    from evidence. [361-362]
At the trial of an action arising from the plaintiff's fall on snow and ice on a
    public sidewalk, the judge did not err in directing a verdict for the
    defendant where there was no evidence that the snow and ice was other
    than a natural accumulation. [362]
A plaintiff who was injured as a result of a fall on snow and ice on a public
    sidewalk in the city of Boston on January 19, 1977, could not recover
    against the city under the Massachusetts Tort Claims Act. [362]
Where at the trial of an action against the city of Boston by a plaintiff who fell
    on an accumulation of snow and ice on a public sidewalk there was no
    evidence of any defect in the sidewalk, the plaintiff could not recover
    against the city under G. L. c. 84, § 15. [363]

CIVIL ACTION commenced in the Superior Court on May
31, 1977.
The case was tried before *Peter F. Brady*, J.
*Robert S. Marcus* for the plaintiff.

[1] Beta Gamma Epsilon Alumni, Inc., and the city of Boston.

*William H. Clancy* for 236 Commonwealth Avenue Condominium Association.

*William J. Smith,* Assistant Corporation Counsel, for the city of Boston.

*Edward W. Waystack* for Beta Gamma Epsilon Alumni, Inc.

SMITH, J. The plaintiff brought this action in the Superior Court against 236 Commonwealth Avenue Condominium Association (Association), Beta Gamma Epsilon Alumni, Inc. (Beta Gamma), and the city of Boston (Boston). In his complaint the plaintiff alleged that on January 19, 1977, he was injured as a result of a fall caused by an accumulation of snow and ice on a public sidewalk owned and controlled by Boston. The complaint further alleged that the sidewalk abutted property owned by the Association at 236 Commonwealth Avenue and property owned by Beta Gamma at 234 Commonwealth Avenue.

A jury trial was held on the complaint in the Superior Court and, at the close of the plaintiff's evidence, the judge allowed all the defendants' motions for directed verdicts. The plaintiff contends on appeal that the judge erred in directing those verdicts and in improperly excluding a Boston ordinance from evidence.

We summarize the evidence that could have been found by the jury. At least thirty inches of snow had fallen in Boston from December 30, 1976, to January 19, 1977. On the latter date at approximately 2:00 A.M. the plaintiff was walking on the southerly side of Commonwealth Avenue, in Boston, in the direction of the Public Garden. When he reached a location in front of 234 Commonwealth Avenue, he came upon a stretch of hard ridges of snow and ice. There were mounds of snow and ice on both sides of the sidewalk. The ridges of ice were uneven and glistening. There was no sand, salt, or other substance to improve traction. The plaintiff fell as a result of the snow and ice and broke his ankle. There was evidence that some snow had been removed from the sidewalk and piled on the grassy area between the sidewalk and the street sometime prior to the fall of the plaintiff. We now discuss the claims of the plaintiff against each defendant.

1. *Claim against the Association.* The evidence and all reasonable inferences drawn from it, examined in the light most favorable to the plaintiff, shows that he fell in front of 234 Commonwealth Avenue and not 236 Commonwealth Avenue. Therefore, the judge's action in directing a verdict in favor of the Association was not error.

2. *Claim against Beta Gamma.* The plaintiff contends that the judge committed error in excluding from evidence in the case against Beta Gamma a Boston ordinance requiring property owners or tenants of an estate to remove snow and ice from a public sidewalk abutting their property.[2] The plaintiff argues that Beta Gamma was in violation of that ordinance and that the violation was evidence of its negligence.

Generally, a violation of a statute or ordinance is some evidence of negligence as to all the consequences it was intended to prevent, where its violation caused or contributed to the injury. *Adamian* v. *Three Sons, Inc.,* 353 Mass. 498, 499 (1968). *Memmolo's Case,* 17 Mass. App. Ct. 407, 412 (1984). *Petras* v. *Storm,* 18 Mass. App. Ct. 330, 333 (1984). But it has been held that ordinances which require householders to remove snow and ice from sidewalks are for the benefit of the community at large, and not for persons who fall as a result of snow and ice. *Kirby* v. *Boylston Mkt. Assn.,* 14 Gray 249, 252-253 (1859). *Sanborn* v. *McKeagney,* 229 Mass. 300-301 (1918). *Hagerty* v. *Bruce,* 82 Wis. 2d 208, 212-214 (1978). *Taylor* v. *Saxton,* 133 Mich. App. 302, 306 (1984). Also see Prosser & Keeton, Torts § 36, at 222-245 (5th ed. 1984). Any obligation imposed by the ordinance runs to the

---

[2] Chapter 14, § 300, of the Ordinances of the City of Boston provides:

"No owner or tenant of an estate abutting a sidewalk shall place or suffer to remain for more than three hours between sunrise and sunset, any snow upon such sidewalk, or any ice upon such sidewalk unless such ice is made even and covered with sand, sawdust, or ashes, to prevent slipping; nor shall any person remove any ice or snow from privately owned property other than residential property and place it upon any sidewalk or roadway of any street."

municipality and not to a member of the travelling public.[3] Therefore, the judge was correct in excluding the ordinance.

There also was insufficient evidence of negligence, under case law, to withstand a motion for a directed verdict. There is no duty upon an owner of premises abutting a public sidewalk "to keep [it] clear from snow, ice or water which is upon it from natural causes, or to guard against accident by placing sawdust or other substances upon the sidewalk." *Mahoney* v. *Perreault,* 275 Mass. 251, 253 (1931). *Berman* v. *Massachusetts Bldg. Trust,* 332 Mass. 114, 115 (1954). *Malley* v. *Albert Steiger, Inc.,* 361 Mass. 862, 863 (1972). The plaintiff did not introduce any evidence that the snow and ice here was other than a natural accumulation. Therefore, Beta Gamma, as an abutter, owed no duty to the plaintiff to keep the sidewalk clear of snow and ice.

The plaintiff contends that the shoveling of the snow by residents of Beta Gamma into piles where it melted and formed ice on the sidewalk, constituted negligence. The law is clear, however, that an abutting owner is not liable for a fall on ice caused by the melting of snow which had been shoveled to the edge of the sidewalk. *Mahoney* v. *Perreault, supra. Cooper* v. *Braver, Healey & Co.,* 320 Mass. 138, 139-140 (1946). There was no error in the allowance of Beta Gamma's motion for a directed verdict.

3. *Claim against Boston.* The plaintiff's injury occurred on January 19, 1977, bringing it outside the Massachusetts Tort Claims Act, G. L. c. 258 (as appearing in St. 1978, c. 512, § 15), which applies only to actions arising on or after August 16, 1977. St. 1978, c. 512, § 16. See *Vaughan* v. *Commonwealth,* 377 Mass. 914, 915 (1979).[4]

---

[3] The policy behind the rule is that it is the responsibility of the cities and towns to keep the public ways in reasonably safe condition for travelers and that duty may not be delegated to others. Prosser & Keeton, Torts § 36, at 222-224 (5th ed. 1984). See also 39 Am. Jur. 2d, Highways, Streets and Bridges § 511 (1971); 6 McQuillin, Municipal Corporations § 22.12 (3d ed. rev. 1980).

[4] The case before us is readily distinguishable from *Intriligator* v. *Boston,* 18 Mass. App. Ct. 703 (1984). In *Intriligator,* the plaintiff's injuries occurred on March 9, 1978. Thus, G. L. c. 258 applied to the facts in that case.

General Laws c. 84, § 15, provides that a person may recover damages from a municipality for injuries received by reason of a defect in a public way. *Huff* v. *Holyoke,* 386 Mass. 582, 585 (1982). *Trioli* v. *Sudbury,* 15 Mass. App. Ct. 394, 396 (1983). However, a plaintiff must show a defect in the public way, apart from snow and ice, in order to recover under that statute. See G. L. c. 84, § 17. *Johnson* v. *Orange,* 320 Mass. 336, 337 (1946). The plaintiff did not introduce evidence that there was any defect in the sidewalk. There was no error in the allowance of Boston's motion for a directed verdict.

*Judgments affirmed.*