Donohue, J.
Plaintiff, Irina Dimentberg (Dimentberg) brought this action to recover for injuries allegedly sustained as a result of a slip and fall on a public sidewalk. Defendant, Pleasant Properties, Inc. (Pleasant) owns property that abuts the sidewalk. Dimentberg alleges that Pleasant failed to notify the City of Worcester regarding a defect, and thus negligently maintained the sidewalk. Pleasant denies that it owed Dimentberg a duty to notify the City of Worcester because it did not cause the defect. The matter is currently before the court on Pleasant’s motion for *606 summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons set forth below, the motion is ALLOWED.

BACKGROUND

The facts, viewed in the light most favorable to the nonmoving party, are set forth below. See Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). On May 23, 1996, while walking on a public sidewalk along Chestnut Street in Worcester, Massachusetts, Dimentberg tripped over a raised sidewalk panel and fell. The sidewalk was directly adjacent to Pleasant’s property. As a result of this fall, Dimentberg sustained a fractured right distral humerus, as well as contusions and lacerations to her left knee.
By letter dated August 16, 1996, Dimentberg gave written notice to Pleasant of her injuries. She filed the instant action, sounding in negligence, against the City of Worcester and Pleasant on March 22, 1999. Pleasant now moves for summary judgment based on its contentions that Dimentberg failed provide timely notice of her injuries in accordance with G.L.c. 84, § 18 and that it owed no duty of care to inspect and repair or notify the City of Worcester of defects in the sidewalk.

DISCUSSION

I. Standard of Review
This court grants summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Where, as here, the party opposing the motion has the burden of proof at trial, the moving party is entitled to summary judgment if it “demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “To be successful the moving party need not submit affirmative evidence to negate one or more essential elements of the other party’s claim.” Id. It is sufficient to demonstrate that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
II. Merits of Defendant’s Motion A. G.L.c. 84, §18
It is undisputed that Dimentberg’s action is based on a defect in a sidewalk, a public way. Framed as such, Pleasant argues that recovery is barred by her failure to allege and prove notice under G.L.c. 84, § 18. “It is clear that a party seeking recovery for a violation of the statutory duties imposed by G.L.c. 84, must comply with the notice requirements of §18. Marsden v. Eastern Gas & Fuel Assoc., 7 Mass.App.Ct. 27, 28 (1979), citing Paddock v. Brookline, 347 Mass. 230, 231-32 (1964). ”It is equally clear that no notice is required to maintain an action based on common law negligence. Id., citing Harrington v. Alessi, 269 Mass. 433, 435 (1929). Dimentberg’s action against Pleasant is so based. Pleasant’s claim to the contrary, her failure to provide notice within the requisite thirty (30) day window was thus not fatal.
B. Negligence Against Landowner
Pleasant argues that it had no duty to cure any defect on the sidewalk abutting its property, and had no duty to notify the City of Worcester of any defect even if and when discovered. This court agrees.
“Negligence, without qualification and in its ordi- ’ nary sense, is the failure of a responsible person, either by omission or by action, to exercise the degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.” Altman v. Aronson, 231 Mass. 588, 591 (1919), and Toubiana v. Priestly, 402 Mass. 84, 88 (1988).
In the context of landowner liability, “[i]t has long been recognized by the law of this Commonwealth that the owner of land abutting a public way has the duty to refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). It is not necessary for the purposes of this case to discuss or to attempt to decide all that is included within that duty. It is sufficient for our present purpose that included therein is the duty of the owner to maintain their premises in a safe condition so as not to create an unsafe condition on a public way or sidewalk. See Wallace v. Folsom’s Market Inc., 343 Mass. 177, 178 (1961); Mays v. Gamarnick, 326 Mass. 139, 141 (1950). Control or the assumption of control by the abutting landowner appears to be the linchpin in the plaintiffs establishment of liability. Mere ownership of property abutting the public way or sidewalk where the defect existed, and the alleged injury occurred, is insufficient. See Farolato v. Springfield Five Cents Sac. Bank, 301 Mass. 806, 808 (1942) (“Unless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the [abutter], it had no duty — breach of which would constitute negligence — to keep the sidewalk in a reasonably safe condition for the use of travelers”). Accord Wallace, supra at 178. See also Mays, supra at 141 (owner of property abutting a public way was under no obligation to remove any obstruction from the way which was placed there by a stranger, or make any repairs which were caused by a third party, if abutter’s negligent or wrongful conduct did not cause problem); Gamere v. 236 Commonwealth Ave. Condominium Assn., 19 Mass.App.Ct. 359, 362 (1985) (abutter has no duty to keep public sidewalk clear of snow, ice or water).
*607 Dimentberg cites no Massachusetts case, and this court is aware of none, that imposes an unconditional duty on a landowner to inspect the sidewalks adjacent to his land, and then, if a defect is discovered, a corresponding duty to either cure or notify the governing municipality. In any event, Dimentberg’s contention to the contrary, the existence of a duty is a question of law for the court, not a question of fact for the jury. See Bergendahl v. Massachusetts Electric Co., 45 Mass.App.Ct. 715, 722-23 (1998).
Because Dimentberg has failed to produce any admissible evidence showing that Pleasant owed her a duty to keep the sidewalk free from defects, summary judgment in Pleasant’s favor is warranted.

ORDER

It is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.