Toomey, J.
The plaintiff, Veronica Smith (“Smith”) brings this negligence action against the defendant, Jean Kapetanios, as administrator/executor of the estate of Frances Holoway (“Kapetanios”), owner of Rudy’s Surplus Outlet (“Rudy’s”), to recover for injuries suffered when Smith slipped and fell on a sidewalk adjacent to Rudy’s. This matter is currently before the court on Rudy’s motion for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons stated below, the defendant’s motion is ALLOWED.
FACTS
On January 6, 1999, the plaintiff slipped and fell on an icy public sidewalk on Harrison Street in Worcester. The portion of the sidewalk where the plaintiff fell is adjacent to Rudy’s. Meteorological data revealed that a storm occurred on January 3, 1999, and the equivalent of 1.19 inches of precipitation descended. Additionally, a trace amount of snow fell on January 4, 1999. No other precipitation occurred until after the incident took place. The temperature was below freezing on January 4, 1999 and did not rise above freezing until January 9, 1999. The sidewalk on which the plaintiff fell is owned by the City of Worcester.
At the time of her fall, the plaintiff had just left work and was on her way to cash her check at the Broadway Diner. She was not entering or exiting Rudy’s and had no intention of conducting any business with Rudy’s at the time of the fall. The ice on the sidewalk in front of Rudy’s had not been cleared at all. The sidewalk was not maintained by Rudy’s and the ice was a natural accumulation.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In assessing a Rule 56 motion, “The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor .’’Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). Of course, “the nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991).
Rudy’s contends that it has no duty to keep the public sidewalk free and clear of snow and ice. Massachusetts law favors that contention; a landowner, whose property abuts a public way, is generally not liable for an injury sustained upon a public way by a pedestrian who slips and falls upon snow or ice. See Gamere v. 236 Commonwealth Avenue Condominium Assoc., 19 Mass.App.Ct. 359, 362 (1985). See also Mounsey v. Ellard, 363 Mass. 693, 707 (1973). There is no duty upon a landowner abutting a public sidewalk “to keep [it] clear from snow, ice or water which is upon it from natural causes, or to guard against [an] accident by placing sawdust or other substances upon the sidewalk.” Id. See Aylward v. McCloskey, 412 Mass. 77, 79 (1992) (“naturally accumulated snow and ice on property does not per se constitute a defective condition”).
A landowner does, however, have a duty to maintain its premises in a safe condition so as not to create an unsafe condition on a public way or sidewalk. See Wallace v. Folsom’s Market Inc., 343 Mass. 177, 178 *104 (1961). A [landowner] “abutting a public way has the duty to refrain from using his land or maintaining conditions or structures which will interfere with the safety and convenience of travelers on the public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). “Unless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the [abutter], it had no duty breach of which would constitute negligence to keep the sidewalk in a reasonably safe condition for the use of travelers.” Wallace v. Folsom’s Market Inc., 343 Mass. 177, 178 (1954).
Smith does not allege that a structure or condition on Rudy’s premises caused the accumulation of snow and ice on the public sidewalk abutting Rudy’s property. Rather, Smith argues that an unnatural accumulation of ice situated on the sidewalk adjacent to Rudy’s occurred due to a steady stream of pedestrians traversing on the sidewalk. Smith suggests that, as in Booker v. Arch Realty Co. of Springfield, Inc., 47 Mass.App.Div. 51 (1971), pedestrian traffic caused a dangerous condition by leaving ruts in the ice on the sidewalk abutting Rudy’s place of business. Booker is, however, inapposite. See id.
In Booker, the court held that a property owner, abutting a public sidewalk, is liable to a person injured on that sidewalk, where the property owner allows third persons to use the sidewalk in such a way as to create a dangerous condition, such as ruts in snow and ice caused by cars entering and leaving the defendant’s property. See id. at 59-61. Smith, however presents no evidence that the pedestrian traffic, which occasioned the ruts in the ice on the sidewalk abutting Rudy’s, was in any way connected to Rudy’s or its patrons. Smith contents herself with the conclusory assertion that Rudy’s should have been aware of the public presence on the public sidewalk and its creation of a dangerous condition on the otherwise natural accumulation of ice on the sidewalk. Booker, which rests upon activity to and from the abutter’s property as creative of liability, is thus of no assistance. See id.
Smith cites to no Massachusetts law imposing a duty on a landowner to inspect the public sidewalks adjacent to his land and to remedy any dangers thereon discovered. Rudy’s, as a landowner, is under no duty to place sawdust or other substances upon an ice or snow covered sidewalk to reduce hazardous conditions. See Gamere, 19 Mass.App.Ct. at 362. Of course, principles of good neighborliness and concern for the common good ought prompt one to undertake to provide for the safety of passersby, but those principles do not carry the clout of law.
The meteorological data of record demonstrates that, on January 3, 1999, an ice storm caused an accumulation of ice on the public sidewalk. There is no genuine issue of material fact that said accumulation was other than natural. Accordingly, because the plaintiff will not be able to prove, at trial, that Rudy’s, as an abutter, owed her a duty to clear naturally occurring snow and ice from the public sidewalk, Kapetanios is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is ORDERED that Kapetanios’ motion for summary judgment be and hereby is ALLOWED.