Curtin, J.
Plaintiff Evelyn Clarke (“Clarke”) broke her leg when she slipped and fell on what she claims was an unnatural accumulation of ice and snow on a sidewalk in Waltham, Massachusetts. The sidewalk also serves as an entrance to the parking lot of defendant Mai Elfman’s Furniture Store (“Elfman’s”). Summary judgment was entered for both defendants. Clarke argues on this appeal that there were genuine issues of material fact as to whether Elfman’s and defendant City of Waltham had negligently shoveled the sidewalk leaving it an *161 unnatural state, or whether they allowed third parties to use the property in such a way as to leave the sidewalk in a hazardous, unnatural condition.[2] We disagree, and affirm the trial court’s rulings
The standard for reviewing a grant of summary judgment is whether, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law. Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004); Boyd v. National Railroad Passenger Corp., 62 Mass. App. Ct. 783, 788 (2005). The defendants bore the burden, as the moving parties, of affirmatively demonstrating the absence of a material issue of fact by either submitting evidence that negated an essential element of Clarke’s case or showing that proof of that element was “unlikely to be forthcoming at trial.” Kourouvacilis v. General Motor Corp., 410 Mass. 706, 714 (1991). Once the defendants established the absence of a triable issue, Clarke was obligated to respond by alleging specific facts demonstrating that a genuine issue of fact remained for trial. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Vague or general allegations of expected proof are insufficient to defeat summary judgment. Framingham Clinic, Inc. v. Zoning Bd. of Appeals of Framingham, 382 Mass. 283, 299 (1981); HTA Ltd. Partnership v. Massachusetts Turnpike Auth., 51 Mass. App. Ct. 449, 457 (2001).
1. Massachusetts law is well established that in order to recover against a city or town for injuries due to snow or ice, a plaintiff has the additional burden of proving a defect in the public way or sidewalk. G.L.c. 84, §§15,16; Gamere v. 236 Commonwealth Ave. Condo. Ass’n., 19 Mass. App. Ct. 359, 363 (1985). In this case, none of the summary judgment materials include any showing by Clarke of a defect in the sidewalk. In her answers to interrogatories, Clarke stated only that she “slipped on black ice on that portion of the sidewalk landing on my right ankle.” Again, in her Rule 56 affidavit, Clarke did not mention any sidewalk defect and indicated merely that “[i]t appeared that negligent plowing or shoveling had been done over the sidewalk and driveway. As I proceeded with reasonable caution, I suddenly slipped and fell on the snow and/or ice on the sidewalk/driveway.” In deposition testimony, Clarke stated that she did not know what she slipped on; that “ice was on the snow”; that she did not know what caused the ice or snow to be on the sidewalk; and did not know for what period of time the snow or ice had been there prior to her accident.
Given the absence of any indication of a defect in the sidewalk, the trial court properly granted summary judgment for the City of Waltham. See Intriligator v. City of Boston, 395 Mass. 489, 492 (1985); Gamere, supra, at 363.
2. Massachusetts law will not impose liability on a private landowner for a fall on snow and ice unless the resulting injuries were caused by an unnatural accumulation of snow or ice; i.e., where some act or omission on the part of the landowner has changed the condition of naturally accumulated snow and ice. Aylward v. McCloskey, 412 Mass. 77, 80 (1992). A property owner is not liable where a portion of naturally accumulated snow or ice is removed and a person falls on the remaining snow or ice. Sullivan v. Town of Brookline, 416 Mass. 825, 828 (1994). Nor is a landowner liable for shoveling snow from a walkway into a pile which melts and refreezes, creating ice on the walkway. Cooper v. Braver & Healey Co., 320 Mass. 138, 139-140 (1946). A landowner’s actions or failure to act may change the condition of snow or ice so as to create an unnatural accumulation where a structure or condition on the landowner’s property caused the unnatural accumulation, see *162 Baldassari v. Produce Terminal Realty Corp., 361 Mass. 738, 744 (1972), or where the landowner allows third persons to use the property in such a way as to create a dangerous condition. See Delano v. Garrettson-Ellis Lumber Co., 361 Mass. 500, 501 (1972). Neither of those circumstances were operative here.
Clarke did not present any evidence in this case of an unnatural accumulation for which Elfman’s could be found liable. Her affidavit merely sets forth conclu-sory statements that “negligent plowing or shoveling” had been done. Clarke never advanced any facts as to how the snow or ice accumulation was formed, how it happened to be on the sidewalk, or of what Elfinan did or had not done that contributed to the snow and ice conditions. There was, therefore, no error in the trial court’s allowance of Elfinan’s summary judgment motion.
The judgments of the trial court are affirmed. Appeal dismissed.
So ordered.

 Clarke also contended in her brief that the trial judge abused his discretion in permitting the City of Waltham to argue its motion for summary judgment when it had not provided ten days notice as required by Mass. R. Civ. R, Rule 56(c). We do not reach that issue, however, as Clarke waived it at oral argument.