Brant, J.
Atlantic Mutual Insurance Company (“Atlantic”) has appealed the allowance of summary judgment in favor of Public Works Supply Co., Inc. (“Public Works”) on its claim for payment under a public construction project bond issued by Atlantic.
BBC Company, Inc. (“BBC”) was the general contractor for the construction of a school in Lynnfield, Massachusetts. Atlantic issued a payment bond to BBC. Defendant C&O Enterprises, Inc. (“C&O”), a subcontractor of BBC, ordered supplies and materials from Public Works for the school project. Public Works claims that it delivered the goods, but was not paid. After C&O failed to make payment in response to Public Works’ invoices, Public Works demanded payment by Atlantic on the bond it had issued pursuant to G.L.c. 149, §29. The purpose of that statute is to protect those who work on public construction projects. Warren Bros. Roads Co. v. Joseph Rugo Inc., 355 Mass. 382, 386 (1969). Upon Atlantic’s failure to make payment, Public Works commenced this suit.
The trial court initially dismissed the action on the ground that the District Court lacked subject matter jurisdiction. We reversed, and returned the case to the trial court Public Works Supply Co., Inc. v.C & O Enterprises, Inc., 2004 Mass. App. Div. 170.
Public Works then filed a motion for summary judgment supported by the affidavits of Scott Lindquist, its president, and John Hurley (“Hurley”), its controller. Attached to the Hurley affidavit were various invoices for the supplies and materials Public Works claimed it delivered; shipping notices, including notices that indicated that the materials had been received; and a letter from Atlantic indicating that it was investigating Public Works’ claim. After receipt of that letter, Public Works had delayed several months before bringing this suit.
In opposition to Public Works’ summary judgment motion, Atlantic filed the affidavit of Robert A. Brait (“Brait”), executive project manager for Brait Buildings, Inc., formerly known as BBC. Noting that some of the invoices and shipping notices attached to the Hurley affidavit were unsigned, Brait merely concluded that there was no proof that the supplies and materials had been actually delivered by Public Works. Atlantic also submitted an affidavit from one of its attorneys who claimed that Atlantic had not received certain discovery items he had requested. Atlantic offered no affidavit which affirmatively asserted that Public Works did not supply the materials for which it sought payment through the G.L.c. 149, §29 bond.
Ruling that there were no material facts in dispute, the trial court granted sum *86 mary judgment for Public Works in the amount of $30,251.19, plus costs and interest. Atlantic appealed.
The dispositive question on review of the allowance of summary judgment is “whether, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” Clarke v. Mal Elfman’s Furniture Store, 2005 Mass. App. Div. 160, 161, citing Opara v. Massachusetts Mut. Life Ins. Co., 441 Mass. 539, 544 (2004). Summary judgment for a plaintiff may, of course, be properly granted. See Metropolitan Prop. & Cas. Ins. Co. v. Fitchburg Mut. Ins. Co., 58 Mass. App. Ct. 818 (2003).
The affidavits, invoices and shipping notices offered in support of its summary judgment motion satisfied Public Works’ initial Mass. R. Civ. P., Rule 56, burden of demonstrating that it had delivered goods for which neither C&O, nor Atlantic, had made payment and that it was entitled to judgment. To defeat Public Works’ motion, Atlantic was then required to advance specific facts indicating the existence of a genuine factual dispute requiring a trial on the merits. Carter v. Seto, 2005 Mass. App. Div. 62, 64. Atlantic failed to do so. The mere contention that Public Works might have offered additional proof and Atlantic’s other, general allegations were insufficient to defeat Public Works’ motion. HTA Ltd. Partnership v. Massachusetts Turnpike Auth., 51 Mass. App. Ct. 449, 457 (2001). Summary judgment was properly entered in favor of Public Works.
Judgment affirmed.
So ordered.