Brant, J.
This is the second case decided this date which arises from Atlantic Mutual Insurance Company’s (“Atlantic”) refusal to honor a payment bond it issued on a public construction project for which Public Works Supply Co., Inc. (“Public Works”) furnished materials.[2]
BBC was the general contractor on a public library renovation project in Canton, Massachusetts. Atlantic issued a G.L.C. 149, §29 payment bond to BBC. Kevton Corporation (“Kevton”) was the subcontractor that ordered certain supplies and materials from Public Works. Public Works claimed that it delivered the goods in question, but *87 that Kevton did not make payment Public Works’ subsequent demands for payment to Atlantic under the payment bond it issued were also refused. As noted in the previous case, the purpose of G.L.c. 149, §29 is to protect those who work on public construction projects. Warren Bros. Roads Co. v. Joseph Rugo Inc., 355 Mass. 382, 386 (1969).
Upon Atlantic’s failure to make payment under the bond, Public Works commenced this suit. As in the previous case, the trial court originally dismissed the action for lack of subject matter jurisdiction. We reversed, and returned the case to the trial court. Public Works Supply Co. v. Kevton Corp., 2004 Mass. App. Div. 167.
Public Works filed a motion for summary judgment supported by the affidavit of its controller, John Hurley (“Hurley”). Attached to Hurley’s affidavit were invoices for the supplies and materials Public Works claimed to have delivered to Kevton; shipping notices, which indicated in part that the supplies and materials were received; and a letter from Atlantic stating that it was investigating Public Works’ claim.
Atlantic countered with an affidavit from Robert A Brait (“Brait”), the executive project manager of BBC’s corporate successor. Brait asserted that because some of the invoices attached to Hurley’s affidavit were unsigned, proof that the supplies and materials for which Public Works sought payment had been delivered was insufficient Atlantic also offered the affidavit of one of its attorneys who alleged that Atlantic had not been given certain requested discovery. No other affidavit was provided.
The trial court entered summary judgment for Public Works in the amount of $11,252.90, plus costs and accrued interest. Atlantic appealed.
As in the preceding case, Atlantic failed to introduce any affidavit which directly and specifically denied that the materials for which Public Works sought payment under the bond had been supplied. Atlantic offered no specific facts demonstrating that a trial on the merits was necessary to resolve this or any other aspect of Public Works’ claim. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Its general assertion that Public Works might have offered additional evidence and other general allegations were insufficient to defeat summary judgment. See HTA Ltd. Partnership v. Massachusetts Turnpike Auth., 51 Mass. App. Ct. 449, 457 (2001).
Judgment affirmed.
So ordered.

 See Public Works Supply Co., Inc. v.C & O Enterprises, Inc., 2006 Mass. App. Div. 85.