WILLIAM O. FALARDEAU *vs.* BOSTON ART STUDENTS'
ASSOCIATION.

Suffolk.   November 18, 19, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Master and Servant.   Corporation,* By-law.

If a corporation, holding a lease of a building, executes an assignment of the lease
to trustees, under authority of a vote in proper form, giving to the trustees full
power and authority to hold, manage and control the building for the remainder
of the term upon certain trusts named, and the trustees enter under the assign-
ment and assume control of the building, a janitor of the building employed
by the trustees is not the servant of the corporation, and the corporation is not
liable for an injury caused by his negligence.

A by-law of an incorporated art students' association provided, that the legal title
to its property should be in the board of government "except that the title to
any real estate which may be acquired may be taken and held by trustees ap-
pointed for the purpose by the association." The corporation, holding a lease
of a building for fifteen years, assigned the lease to certain trustees giving them
exclusive control of the building during the remainder of the term. In an
action against the corporation for injuries caused by the negligence of a janitor
of the building appointed by the trustees, it was *held*, that the defendant having
assumed to make an assignment which all parties treated as valid, and the
trustees under it having managed and controlled the building with the defend-
ant's consent, and having appointed the janitor, he was their servant and not
the servant of the defendant, whether the defendant had the right to make the
assignment or not, and, *semble*, that, if it had been necessary to construe the
by-law, it might be that, in view of the purposes and conduct of the defendant
before and after the assignment, the words "title to any real estate" could be
construed to mean the title or interest that the corporation might acquire in
real estate owned by another, and so to include a term for fifteen years which
could not in itself be real estate.

TORT by a painter for injuries received from falling through
a trap door in the floor of the Grundmann Studios on Clarendon
Street, in Boston, alleged to have been negligently left open by
the janitor of that building.   Writ dated November 16, 1899.

The plaintiff's due care and the negligence of the janitor were
denied by the defendant.   But at the trial in the Superior Court
before *Sherman,* J., the only questions were whether the defend-
ant was in control of the premises and whether the janitor was
the defendant's servant.   The judge ordered a verdict for the
defendant; and the plaintiff alleged exceptions.

*C. E. Washburn,* for the plaintiff.

*E. F. McClennen,* (*J. G. Palfrey* with him,) for the defendant.

KNOWLTON, C. J.   The only question in this case is whether the defendant corporation is liable for the negligence of a person employed as janitor by Louis D. Brandeis and D. Blakeley Hoar acting as trustees in the control and management of a building which was leased for the term of fifteen years by the Massachusetts Institute of Technology to the defendant corporation.   It appeared that about seven months after the lease was taken the officers of the defendant corporation, under the authority of a vote in proper form, covering the subject, executed an assignment of the lease to Mr. Brandeis and Mr. Hoar as trustees, giving them full power and authority to hold, manage, and control the property for the remainder of the term, under certain trusts in which the Massachusetts Institute of Technology, as well as the defendant and others, were interested, and that the Institute of Technology, as well as the defendant and the trustees, executed the instrument.   According to the terms of this instrument neither the defendant nor anybody else had any right to interfere with the control and management of the trustees so long as they properly executed their trust, and the trustees were not accountable for their conduct of the business, except for the proper performance of their duties under the instrument.   They duly entered into possession under the assignment and continued their control until after the accident for which this suit is brought.   It is plain that the janitor was their servant and not the servant of the defendant, and that the defendant had no right to control him or interfere with him in the performance of his duties in and about the building.   If there was any liability of a master for his conduct as a servant, Mr. Brandeis and Mr. Hoar were liable and not the defendant.   *Baker* v. *Tibbetts,* 162 Mass. 468.   *Ballou* v. *Farnum,* 9 Allen, 47.   *Everett* v. *Drew,* 129 Mass. 150.   *People* v. *Townsend,* 3 Hill, 479, 483.

The plaintiff contends that the by-law of the defendant, which puts the legal title to its property in the board of government, " except that the title to any real estate which may be acquired may be taken and held by trustees appointed for the purpose by the association," renders the assignment void, and leaves the defendant liable for the conduct of the janitor.   He contends

that as the lease was for only fifteen years it was not real estate, and that the corporation had no power to assign the lease to trustees. The answer to this contention is twofold: first, in view of the situation, purposes and conduct of the defendant corporation before and after the assignment, we are inclined to think that the words "title to any real estate" should be construed to mean the title or interest that the corporation might acquire in real estate owned by another, although its title or interest might be for too short a term to be in itself real estate. However that may be, which is somewhat doubtful, the liability of the defendant and of the trustees for negligence in the management of the property does not depend on the right of the defendant to make the assignment. It depends on the conditions in reference to the actual management of the property. If the defendant assumed to make an assignment which all parties treated as valid, and the trustees acting under it managed and controlled the property with the defendant's consent, and had a janitor who was acting for them, they and not the defendant were liable for the janitor's negligence. *Baker* v. *Tibbetts*, 162 Mass. 468, 470.

There was no evidence that the defendant was liable for the negligence of the janitor in the care of the property.

*Exceptions overruled.*