J. George Curry *vs.* Morris Dorr & others.

Suffolk.　November 15, 1911. — January 2, 1912.

Present: Rugg, C. J., Hammond, Braley, Sheldon, & DeCourcy, JJ.

*Trust. Frauds, Statute of. Nuisance. Negligence,* Of one owning or controlling real estate.

In an action for personal injuries alleged to have been sustained by reason of a defective condition of the defendant's land at its junction with a public sidewalk, where it appears that at the time of the accident the land in question was held by a person other than the defendant under a deed absolute on its face, under R. L. c. 147, § 1, the plaintiff cannot show by oral evidence that the defendant formerly owned the land and conveyed it with an understanding of the parties to the conveyance that the defendant should retain the beneficial interest in the land and should receive the rents and profits; but, if the plaintiff could prove such a beneficial interest in the defendant, that would not make the defendant liable for injuries caused by the alleged defect without showing that the defendant was in occupation of the land or had undertaken its management and control.

Tort, against Morris Dorr, Frank B. McQuesten and Edward A. Bangs, for personal injuries alleged to have been sustained by the plaintiff on November 8, 1903, from tripping over a step or ridge in the pavement on land at the corner of Huntington Avenue and Gainsborough Street in Boston at a point where the land alleged to belong to the defendants adjoined the public sidewalk of Gainsborough Street. Writ dated January 12, 1904.

In the Superior Court the case was tried in May, 1906, before *Wait,* J. There was evidence from which a jury could find that the plaintiff was in the exercise of due care and that the premises alleged to belong to the defendants were in a defective condition. During the trial the plaintiff discontinued against the defendant McQuesten, and at the close of the evidence the judge ordered a verdict for the defendant Dorr.

The plaintiff was about to call the defendant Bangs as a witness for the purpose of showing his ownership of the premises, when that defendant's counsel objected to the defendant Bangs being asked whether he owned the property on the ground that the paper title was in one Barlow, and that Barlow owned it at

that time, and oral evidence was not admissible to show that the title was in somebody else.   It being admitted that the paper title was in Barlow, the counsel for the defendant Bangs made the following statement: "The paper title shows a conveyance from the defendant Bangs, Edward A. Bangs, to Morris Dorr by quitclaim deed dated November 10, 1902, recorded November 10, 1902, and a conveyance from said Morris Dorr to Robert S. Barlow by quitclaim deed dated July 1, 1903, and recorded August 17, 1903, there being no change in the title subsequent to that date and before the date of the accident.   The plaintiff's attorney would show by this witness, Bangs, if he were allowed to testify, that the property was held by the said Barlow for him, he having the rents and profits of the estate, the said Barlow and the said Dorr having no beneficial interest in the property."

Thereupon the judge said, "I rule that the witness may answer, and save the exception of the defendants Dorr and Bangs." There was no evidence tending to show the defendant Bangs's title to the property or his interest therein except as above set forth.

The defendant Bangs asked the judge to rule as follows:

"That upon all the evidence the plaintiff is not entitled to recover.

"That upon all the evidence the jury would not be warranted in finding negligence upon the part of the defendant Bangs."

The judge refused to rule as requested and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $2,575.   The defendant Bangs alleged exceptions, which were allowed by *Wait*, J., on September 20, 1911.

*W. H. Hitchcock*, for the defendant Bangs.

*W. M. Hurd*, for the plaintiff.

BRALEY, J.   By the plaintiff's discontinuance against McQuesten, and the verdict ordered for Dorr, the defendant Bangs remained as the only adversary party, and unless some competent evidence was introduced connecting him with the responsible ownership or efficient control of the premises, the defective condition of which was alleged as the cause of the accident, the action cannot be maintained.   *Baker* v. *Tibbetts*, 162 Mass. 468, 469.   *Maloney* v. *Hayes*, 206 Mass. 1.

The record title at that time having stood in the name of one Barlow under a conveyance in fee, absolute upon its face, with no proof that the consideration had been furnished by the defendant, parol evidence, that the parties understood, that Bangs should retain the beneficial interest, and receive the rents and profits, was incompetent under our statute relating to the creation of trusts in land, and should have been excluded. R. L. c. 147, § 1. *Blodgett* v. *Hildreth*, 103 Mass. 484. *Urann* v. *Coates*, 109 Mass. 581, 585. *Twomey* v. *Crowley*, 137 Mass. 184.

But, even if given the probative force for which the plaintiff contends, the defendant's equitable interest was insufficient to support the verdict. The defendant is not shown to have been in occupation, or to have undertaken the management and control of the property as if it were his own, and the legal title having been in the trustee he alone would be liable personally for the plaintiff's injuries. *Earle* v. *Hall*, 2 Met. 353, 358, 360. *Shepard* v. *Creamer*, 160 Mass. 496. *Baker* v. *Tibbetts*, 162 Mass. 468, 469, 470. *Falardeau* v. *Boston Art Students' Association*, 182 Mass. 405. The rulings requested having directed the attention of the judge to this initial difficulty, which the plaintiff had not overcome, a verdict for the defendant should have been ordered.

*Exceptions sustained.*