MARIE DOWD MARSDEN *vs.* EASTERN GAS & FUEL ASSOCIATES.[1]

Suffolk.   December 13, 1978. — February 8, 1979.

Present: HALE, C.J., ROSE, & BROWN, JJ.

*Negligence*, Private way, One owning or controlling real estate. *Way,* Private.

Where an action to recover for injuries sustained by the plaintiff when the automobile in which she was a passenger went into a ditch off a private way was based on common law negligence, the plaintiff was not required to give notice under G. L. c. 84, §§ 15 and 18. [28-29]

In an action to recover for injuries sustained by the plaintiff when the automobile in which she was a passenger went into a ditch off a private way, there was sufficient evidence to warrant a finding that the defendant had control over the private way even though it had divested itself of legal title to the way prior to the accident. [29-31]

In an action to recover for injuries sustained by the plaintiff when the automobile in which she was a passenger went into a ditch off a private way, there was sufficient evidence to warrant a finding that the defendant negligently failed to warn of a dangerous condition located on property under the defendant's control. [31-32]

---

[1] This action was originally brought against one Elaine LaMattina and later amended to add as defendants the trustees of the Boston and Maine Corp., the trustees of the Penn Central Transportation Co. and Eastern Gas & Fuel Associates. Before trial the counts brought against LaMattina were dismissed. Following the presentation of the plaintiff's case at trial, dismissals were entered on all other counts against the remaining defendants, except for one count (count 5) against Eastern Gas & Fuel Associates which provides the basis for this appeal.

TORT. Writ in the Superior Court dated February 22, 1971.

The action was tried before *Morse*, J.

*Robert H. Flynn* for the defendant.

*Irving H. Sheff* for the plaintiff.

HALE, C.J. On November 8, 1969, the plaintiff was injured when the automobile in which she was a passenger went into a ditch off a certain private way in the city of Everett, known as Beacham Street or Beacham Way. The plaintiff alleged that the defendant Eastern Gas & Fuel Associates (a) controlled Beacham Street, (b) had a duty to keep an maintain the way in a safe condition, and (c) failed to do so. The defendant's motion for a directed verdict was denied, and the jury returned a verdict for the plaintiff. The defendant's motion for a judgment notwithstanding the verdict was subsequently denied. Appeal was taken from the denial of those two motions.

The defendant raises the following issues: (1) whether the plaintiff's failure to allege and prove notice to the defendant under G. L. c. 84, §§ 15 and 18, bars recovery; (2) whether there was evidence which warranted a finding that the defendant owned or controlled the way at the time of the accident; and (3) whether there was evidence which warranted a finding of a defect and that such defect was within the way allegedly under the defendant's control. In our review, we look to whether the evidence, construed most favorably to the plaintiff, supported the jury's verdict. *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978). *Donovan* v. *DiPaolo*, 4 Mass. App. Ct. 576, 577 (1976).

1. The defendant argues that recovery by the plaintiff is barred by her failure to allege and prove notice under G. L. c. 84, §§ 15 and 18. It is clear that a party seeking recovery for a violation of the statutory duties imposed by G. L. c. 84 must comply with the notice requirements of §§ 15 and 18. *Paddock* v. *Brookline*, 347 Mass. 230, 231-232 (1964). It is equally clear that no notice is required to maintain an action based on common law negligence.

*Harrington* v. *Alessi*, 269 Mass. 433, 435 (1929). Count 5 of the plaintiff's declaration was so based.

In the circumstances of this case the plaintiff was free to pursue her remedy at common law and was not confined to the remedy provided by statute. See *D'Urso* v. *Methuen*, 338 Mass. 73, 74 (1958). The evidence that Beacham Street was a heavily travelled private way, that it connected and provided continuity between two public ways and that it was used by the public without restriction permitted a finding that the defendant had invited or induced the public to use the way. Compare *Nickerson* v. *Boston & Me. R.R.*, 342 Mass. 306, 311-312 (1961). The defendant, as the person in control of the way,[2] owed a duty of reasonable care to persons lawfully on its property (see *Mounsey* v. *Ellard*, 363 Mass. 693, 706-707 [1973]), which duty embraces an obligation to provide adequate lighting, barriers, or other suitable devices around a dangerous area to warn motorists. *Flynn* v. *Hurley*, 332 Mass. 182, 187 (1955). *Spring* v. *Foodmaster Super Mkt., Inc.*, 2 Mass. App. Ct. 808 (1974). The evidence that Beacham Street was a "poor road" with no artificial lighting or barricades around a "ditch," located on the inside of a curve in the road would permit a finding of negligence. Accordingly, we conclude that the plaintiff brought an action properly based on a common law claim of negligence and was not required to give notice under G. L. c. 84, §§ 15 and 18.

2. The defendant next contends that there was insufficient evidence of its control over Beacham Street to warrant the jury's verdict. Liability for injury or damage caused by the dangerous or defective condition of premises depends upon "control of the offending instrumentality, either through ownership or otherwise." *Frizzell* v. *Metropolitan Coal Co.*, 298 Mass. 189, 191 (1937), and cases cited. *Leonardo* v. *Great Atl. & Pac. Tea Co.*, 340 Mass. 450, 453 (1960).

---

[2] See part 2, *infra.*

There was evidence that the defendant had owned Beacham Street from the "late 1800's" until at least December 14, 1967. On that date, Beacham Street, together with other parcels of land, was conveyed to one Johnson, a professional straw who received a fee for accepting the deed. The defendant reserved "the right in gross" to use the road "for all purposes for which public ways now or hereafter be used in the City of Everett and to grant all such rights to others." The conveyance was made by the defendant in order to avoid the payment of property taxes. The defendant and its subsidiaries owned seventy-five to eighty per cent of the land in the immediate area of Beacham Street. Prior to the accident, a further exchange of deeds between Johnson and the defendant took place. An unrecorded deed executed by Johnson on December 29, 1967, reconveyed title to the way to the defendant. On May 20, 1969, the defendant reconveyed to Johnson what it had received in December of 1967. A letter accompanying this deed purported to disclaim any interest the defendant had in the premises and to terminate Johnson's status as a straw which had characterized the earlier transactions. Johnson was paid $25 for his services in accepting the deed. The defendant petitioned the city of Everett in 1975 to accept Beacham Street as a public way[3] and delivered a deed conveying to the city the right to use Beacham Street. The city accepted Beacham Street as a public way in 1976.

We conclude that the evidence warranted the jury's finding that the defendant was in control of Beacham Street at the time of the accident. It is apparent that prior to November 8, 1969, the defendant had divested itself of bare legal title to the way. However, it is control rather than legal ownership with which we are concerned. See *Rouillard* v. *Canadian Klondike Club, Inc.*, 316 Mass. 11, 12 (1944); *Reil* v. *Lowell Gas Co.*, 353 Mass. 120, 127

---

[3] The defendant had also petitioned the city of Everett to accept Beacham Street as a public way in 1966.

(1967); *Robert Williams, Inc.* v. *Ferris*, 355 Mass. 288, 293 (1969). One who assumes the control and management of property cannot escape liability for injuries by showing a want of title in himself. See *Woburn* v. *Henshaw*, 101 Mass. 193, 200 (1869); *Lindsey* v. *Leighton*, 150 Mass. 285, 287-288 (1889).

The decisive factor in the circumstances of this case is whether the defendant had a right of access and the power to exercise dominion. Compare *Reil* v. *Lowell Gas Co.,* *supra* at 128. The jury were warranted in finding that it had. Contrast *Curry* v. *Dorr*, 210 Mass. 430, 432 (1912). The evidence that prior to the accident the defendant divested itself by deed and by letter of its right to use the way and its right to convey such right to others was not binding on the jury. The jury could have found that the latter right was exercised by the defendant after the accident by its conveyance to the city of Everett, that the deeds and letter did not change the straw nature of the transaction, and that the defendant had retained control of Beacham Street.[4]

3. The defendant's final contentions that there was insufficient evidence to warrant the finding of a "defect" and that such "defect" was within a way under the defendant's control are unavailing. The plaintiff's basis for holding the defendant liable was not predicated upon G. L. c. 84 but upon a theory of common law negligence which imposes liability upon one in control of property who fails to exercise reasonable care toward persons lawfully thereon.[5]

---

[4] Having concluded that there was sufficient evidence of control by the defendant before the jury, we have not relied upon the ground, suggested by the judge, that the duty to maintain property in a reasonably safe condition remains with the transferor under appropriate circumstances. See *Oxford* v. *Leathe*, 165 Mass. 254, 255 (1896); *Whalen* v. *Shivek*, 326 Mass. 142, 154-155 (1950); Restatement (Second) of Torts §§ 353 and 358 (1965).

[5] See part 1, *supra*.

There was evidence that a "ditch" or depression in the ground was located a short distance from the surface of Beacham Street where it curved before crossing railroad tracks. The area was not lighted and there were no flashers, pot torches, fences, barricades or signs to warn a motorist of either the curve in the road or the presence of a ditch or other condition presenting a danger to those using the way. Beacham Street was crossed by railroad tracks at only one location and the deed to the city of Everett included that part of Beacham Street crossed by railroad tracks. This evidence was in the form of testimony, numerous photographs of the scene of the accident and nearby area, and plans of the area showing the boundaries of Beacham Street and the various parcels of land abutting it.

We conclude that the evidence was sufficient to warrant the jury finding that the defendant failed to warn the plaintiff of a dangerous condition located on property under the defendant's control.

*Judgment affirmed.*