# RESCRIPT OPINIONS.

JOHN C. MCINTYRE vs. BOSTON REDEVELOPMENT AUTHORITY. No. 91-P-637. July 15, 1992. *Negligence,* One owning or controlling real estate. *Easement. Way,* Public: establishment.

The plaintiff fell and was injured while walking on East India Row, which is described in the complaint as a public highway owned and controlled by the defendant. The jury returned a verdict for the plaintiff. The defendant appeals, claiming error in special verdict question 1A, and in the judge's refusal to give certain instructions with regard to the defendant's obligations as the owner of land affected by an easement taken by the city of Boston for a public way.

Many of the underlying facts are undisputed. In November, 1971, the city of Boston, through the public improvement commission, at the request of the defendant, took by eminent domain, on land owned by the defendant, an easement for public highway purposes and for the laying out and construction of East India Row. The taking was contiguous to an abutting property line along the entire southerly and easterly side of the abutting property, and included the outer portion of a sidewalk which measured seven feet along the southerly side and nine feet along the easterly side. The plaintiff fell on that point of the sidewalk, within East India Row, where the outer portion of the sidewalk meets the inner portion. The inner portion of the sidewalk was recessed under the overhang of the second floor of the building constructed on the abutting property.

No claim is made that the plaintiff fell on land not owned by the defendant. The thrust of the defendant's argument is that its ownership of the locus is insufficient to create any duty to the plaintiff; this is because of the easement taken by the city of Boston for highway purposes. At the same time, the defendant, citing *Robert Williams, Inc.* v. *Ferris,* 355 Mass. 288, 294 n. 7 (1969), acknowledges that the duty of an owner of the fee depends on the owner's "concomitant" right to control the property. *Ibid.* Indeed, the defendant, citing Nolan & Sartori, Tort Law § 366, at 88 (1989), emphasizes that it is the *right* to control, not necessarily control, that is decisive.

In deciding the issue of control, or the right to control, "we look to whether the evidence, construed most favorably to the plaintiff, supported the jury's verdict." *Marsden* v. *Eastern Gas & Fuel Assocs.,* 7 Mass. App. Ct. 27, 28 (1979). The jury could have found, from the considerable documentary and testimonial evidence, that the defendant contracted with J.F.

White Contracting Company to build a pedestrian mall in East India Row[1]; that the brick pavers were installed in East India Row some time between 1975 to 1979; and that the entire slab pavement of the sidewalk on the east side of the abutting property [where the plaintiff was injured] was replaced and repaired at approximately the same time as the installation of the brick pavers. This was not later than 1979. There was also evidence that between 1975 and 1984, the outer portion of the sidewalk subsided several inches below the level of the inner sidewalk on all four sides of the abutting property.

In response to this evidence of control of East India Row, including the sidewalk, by the defendant,[2] the defendant argues that the work of J.F. White Contracting Company in laying the brick pavers was confined to only a portion of East India Row, which was exclusive of the sidewalk, and consequently the responsibility of the defendant would be limited to the "specific area over which the possession and control was exerted. . . ." There is no merit to the argument. The jury were entitled to infer from the facts we have recited that the defendant had the *right* to control East India Row, including the outer portion of the sidewalk where the plaintiff fell and was injured. See note 2, *supra*. Moreover, there being no contrary evidence, the jury could infer that the defendant's control of East India Row, including the outer portion of the sidewalk, continued from the time

---

[1]The project began with a memorandum dated April 3, 1975, from the director of the defendant authority to the authority that the "section of East India Row between Harbor Towers and the Aquarium is no longer needed as a street and the roadway should be closed permanently to vehicular traffic and restricted to pedestrian use. The street, which is opposite the parking garage and adjacent to the harbor, would be resurfaced with brick pavers and landscaped as a public pedestrian mall." A further memorandum dated April 17, 1975, recites the fact that the contract was awarded to J.F. White Contracting Company. Subsequently the contractor certified that it had completed the contract.

[2]In 1975, the defendant filed a petition with the public improvement commission of the city of Boston to discontinue the portion of East India Row which was located on the easterly side of the abutting property. The city took no action on the petition, and nothing further appears in the record to the effect that the city, having knowledge of the project, objected to the defendant's decision to construct a pedestrian mall on East India Row. Where, as here, the owner retains the fee of the land over which there is an "easement of passage" for the benefit of the public, the owner "may make any use of it not inconsistent with the paramount right of the public." *Commonwealth* v. *Surridge*, 265 Mass. 425, 427 (1929). *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 158-159 (1983). Contrast the case where the public authority takes the fee; see *Yarmouth* v. *Boy Scouts of America, Cape Cod & Islands Council, Inc.*, 32 Mass. App. Ct. 713, 716-718 (1992). There was no evidence that the defendant's use of East India Row was inconsistent with the right of the public. Indeed, the reverse appears to be true. The defendant's reliance on Restatement (Second) of Torts § 349 (1965) is misplaced; that section does not deal with the facts presented by this case (the owner of the underlying fee here exercised the right to control the land).

the sidewalk slab was replaced and repaired to 1984, the date of injury. Special question 1A[3] was correct.

The defendant also argues, not without some justification, that several passages in the judge's instructions to the jury included references to the duty and standard of care of a "land owner," rather than the duty and standard of care of one who is in possession or control of land. The difference is important because the defendant's ownership of the land was undisputed, while there was disagreement as to who was in possession and control of the land.

Nevertheless, the error, if there was one, was harmless. See Mass.R.Civ.P. 61, 365 Mass. 829 (1974). Passages from the judge's instruction immediately preceding the quoted portion made it abundantly clear to the jury that the plaintiff had the burden of proving that he was injured on property "under the control or possession" of the defendant. This was repeated by the judge several times in various formulations. More decisive, however, is question 1A, see note 3, *supra*, which clearly focused the jury's attention on the proper inquiry: was the defendant in possession or control of the land where the plaintiff was injured?

Finally, we reject the defendant's argument that the city's highway easement absolved the defendant of all responsibility to the plaintiff. As noted above, the critical test is who had the right to control the property. The jury concluded that the defendant was in possession or control of the area where the plaintiff was injured, and that finding disposes of the issue of legal responsibility. The judge's instructions were without error, and the defendant's requested instruction was appropriately denied.

*Judgment affirmed.*

*John F. Mulhern* for the defendant.
*John A. Hanrahan* for the plaintiff.

---

[3]"Did the Boston Redevelopment Authority on September 14, 1984 [the date of injury] exercise possession or control over the land including East India Row which was subject to City of Boston highway easement?"