Cowin, J.
Plaintiff Rubin Marquez (“Marquez”) brought this negligence action after he was injured by falling from a staircase on property owned by defendants Albert and Sarah Sacco (“the Saccos”). Defendants Robert F. Kennedy (“Kennedy”) and Brian R. Gokey (“Gokey”) lease the property from the Saccos. The Saccos have moved to dismiss Count II of the complaint on the basis that Marquez was not an intended beneficiary of the lease agreement between the Saccos and Kennedy and Gokey and therefore they cannot be found negligent for failing to enforce a provision of the lease requiring Kennedy and Gokey to maintáin insurance. The Saccos also move for summary judgment on Count I, claiming that there is no genuine issue of material fact as to the control of the premises at issue. For the reasons which follow, both motions are denied.
BACKGROUND
The Saccos purchased the property at 67-69 Church Street, Boston, over 40 years ago. They operated Mario’s Restaurant (“Mario’s”) on the property until 1986, when they sold Mario’s to defendants Kennedy and Gokey. The Saccos maintained ownership of the property after the sale of Mario’s and leased the property to defendants Kennedy and Gokey.
The lease contains provisions which set out the duties of the Saccos as lessors and Kennedy and Gokey as lessees with respect to the maintenance of the premises which read as follows:
The LESSEE agrees to maintain the leased premises in good condition, damage by fire and other casualty only excepted, and whenever necessary, to replace plate glass and other glass therein, acknowledging that the leased premises are now in good order and the glass whole. The LESSEE shall not permit the leased premises to be overloaded, damaged, stripped, or defaced, nor suffer any waste. LESSEE shall obtain written consent of LESSOR before erecting any sign on the premises.
The LESSOR agrees to maintain the structure of the building of which the leased premises are a part in the same condition as it is at the commencement of the term or as it may be put in during the term of this lease reasonable wear and tear, damage by fire and other casualty only excepted, unless such maintenance is required because of the LESSEE or those for whose conduct the LESSEE is legally responsible.
The LESSEE shall not make structural alterations or additions to the leased premises, but may make non-structural alterations provided the LESSOR consents thereto in writing, which consent shall not be unreasonably withheld or delayed. All such allowed alterations shall be at LESSEE’S expense and shall be in quality at least equal to the present construction. LESSEE shall not permit any mechanics’ liens, or similar liens, to remain upon the leased premises for labor and material furnished to LESSEE or claimed to have been furnished to LESSEE in connection with work of any character performed or claimed to have been performed at the direction of LESSEE and shall cause any such lien to be released of record forthwith without cost to LESSOR. Any alterations or improvements made by the LESSEE shall become the property of the LESSOR at the termination of occupancy as provided herein.
The lease also includes a provision requiring that Kennedy and Gokey maintain liability insurance on the property, which reads as follows:
The LESSEE shall maintain with respect to the leased premises and the property of which the leased premises are a part, comprehensive public liability insurance in the amount of_with property damage insurance in limits of_in responsible companies qualified to do business in Massachusetts and in good standing therein insuring the LESSOR as well as LESSEE against injury to persons or damage to property as provided. The LESSEE shall deposit with the LESSOR certificates for such insurance at or prior to the commencement of the term, and thereafter within thirty (30) days prior to the expiration of any such policies. All such insurance certificates shall provide that such policies shall not be cancelled without at least ten (10) days prior written notice to each assured named therein.
On August 30, 1990, Marquez made a milk delivery to Mario’s. Marquez alleges that while he was wheeling a dolly down a set of stairs, the dolly became unstable, causing him injury when he fell over the side of the stairs with the dolly.
DISCUSSION
Motion to Dismiss Count II
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eval v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); See also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, supra at 89.
The Saccos maintain that Count II should be dismissed because Marquez is not an intended beneficiary of the lease agreement between the Saccos and *134 Kennedy and Gokey. In Massachusetts, only intended, not incidental, beneficiaries can enforce a contract. Flattery v. Gregory, 397 Mass. 143, 148 (1986); Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982). It is not necessary that the intended beneficiary be identified in a contract. Flattery, supra at 149.
In Rae, an insurance agent failed to obtain mandatory workers’ compensation insurance for the decedent’s employer. The Court held that the plaintiff wife of the decedent was an intended beneficiary of the contract between the decedent’s employer and the insurance agent. Rae, supra at 195. In Rae, the defendant employer, Air-Speed, had a duty created by G.L.c. 152 to obtain workers’ compensation insurance for its employees. The Saccos argue that, contrary to the fact situation in Rae, there is no statutory duty imposed on them to maintain liability insurance; thus, Marquez cannot be an intended beneficiary of the lease agreement.
This exact issue was decided in Flattery, supra. In Flattery, an insurance agent failed to obtain optional bodily injury automobile insurance in the amounts requested by the insured. The Court held that a person injured by the negligent driving of the insured was an intended beneficiary of the contract between the agent and the insured. Id. at 149.
Just as the plaintiff in Flattery was an intended beneficiary of the contract between the insurance agent and the insured, here Marquez was the intended beneficiary of the lease between lessors Albert and Sarah Sacco and lessees Kennedy and Gokey. The lease provision requiring that liability insurance be maintained on the premises was obviously included for the benefit of persons such as Marquez who might be injured there. The Saccos’ motion to dismiss Count II of Marquez’s complaint must therefore be denied.
Summary Judgment
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and of proving that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Saccos seek summary judgment on the negligence claim against them because there is no genuine issue of material fact as to the control of the premises. “Liability for injury or damage caused by the danger-: ous or defective condition of premises depends upon control of the offending instrumentality, either through ownership or otherwise.” Marsden v. Eastern Gas & Fuel, 7 Mass.App.Ct. 27, 29 (1979), quoting Frizzell v. Metropolitan Coal Co., 298 Mass 189, 191 (1937). When a landlord retains control over the premises or a portion of the premises, the landlord owes a duty of care to keep the premises in a reasonably safe condition. Oliveri v. MBTA, 363 Mass. 165, 167 (1973).
In the present case, the lease provisions quoted above obligated the lessees Kennedy and Gokey to “maintain the leased premises in good condition,” but obligated the lessors, the Saccos, to “maintain the structure of the building ... in the same condition as ... at the commencement of the [lease] ..." Further, the lessee “shall not make structural alterations . . . to the leased premises.” There remain genuine issues of material fact as to whether the alleged defect in the stairs is one which could have been corrected by simple maintenance of the type required of the lessees Kennedy and Gokey under the lease or is of a type which required major structural changes by lessors, the Saccos. There is also a question whether the stairs were in the same condition as at the commencement of the lease. See Moran v. Weisberg, Suff. Sup. Ct. Civil Action No. 92-2861-E (Doerfer, J., December 14, 1993). For that reason, summary judgment must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants Albert and Sarah Sacco’s motion to dismiss is DENIED; it is further ORDERED that defendants Albert and Sarah Sacco’s motion for summary judgment is DENIED.