Wheatley, RJ.
In this trial involving a rear-end accident the jury found for the defendant (Scheiner). The plaintiff (Dolge), alleging an error in the judge’s instruction about negligence, after objecting at the time of trial, and following up with a motion for a new trial which was denied, filed this appeal under Dist/Mun. Cts. R A D. A, Rule 8C. We affirm the decision and dismiss the appeal.
On April 11, 1997, Dolge, while in her car at an intersection, was struck from *87 behind by Schemer’s car, causing Dolge the injuries about which she complains. She testified that she was stopped waiting for a car ahead of her to move. Scheiner, on the other hand, says that she was moving and came to a quick stop with no cars ahead of her. In either version, she was struck from behind by Scheiner. There was no discernable damage to either vehicle.
The jury heard the case, complete with final instructions, on June 6, 2000, and had retired at the end of die day to decide on their verdict At about 4:45 p.m., they made a written request, “Jury would like to hear definition of negligence again.” The judge deferred until the following day, and gave further instructions, part of which Dolge’s counsel asserts was error. The portion of the charge to which Dolge objects is:
[The defendants negligence] must be a material and important ingredient in causing the harm. If the defendant’s negligence was a substantial factor, then it is considered a legal cause of the plaintiffs injury, and the plaintiff is entitled to recover. If it was not a substantial factor, if the negligence was only slight, insignificant or tangential to causing the harm, then even though you many have found the defendant negligent, he cannot be held liable to pay damages to the plaintiff on this claim.
Following the re-instruction, Dolge’s counsel objected to the judge’s use of the word “slight,” that if the defendants negligence was only slight, the defendant might not be liable. The judge denied Dolge’s counsel’s request to offer a curative instruction, and sent the jury out They came back with the answer “no” to question #1, “Was the defendant Jay M. Schemer, negligent?”. As instructed, they did not respond to any further questions. Dolge’s counsel raised the issue again in a motion for new trial, which the judge denied.
“... [I] t is the duty of the judge presiding over a jury trial to give full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently.” Buckley v. Frankel, 262 Mass. 13, 15 (1928). We must determine if there was error, and, if so, whether the error affected the substantial rights of the plaintiff. Coca-Cola Bottling Company of Cape Cod v. Weston & Sampson Engineering, 45 Mass. App. Ct. 120, 123-124 (1998), citing Mass. R. Civ. P., Rule 61, 365 Mass. 828 (1974). See McIntyre v. Boston Redevelopment Authority, 33 Mass. App. Ct. 901, 903 (1992).
On the first day, the judge gave detailed instructions, with examples, on the applicable law in the case. At one point, he defined negligence “as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances!,] ... doing something that a reasonably prudent person, in the ordinary course of human events, would not do, or failing to do something that a reasonable person of ordinary prudence would do.” Further, he described it as "... the performance or the omission of some act, in violation of a legal duty,” followed by an appropriate example, and the statement that “[it was the plaintiffs] burden, that the defendant breached the duty of care owed to the plaintiff, or in other words, was negligent”
On the second day, although asked only for a restatement of the definition of negligence, he gave further instructions on negligence, causation, burden of proof and damages. He began by reiterating his negligence instruction from the prior day, and referred several times to the “failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.” He then spoke of the requirement on the part of the jury to determine whether or not, if they found the defendant to have been negligent, they must find that his negligent conduct caused or worsened the plaintiffs injuries. This led into instructions on causation — that the negligence must be the substantial, not insignificant cause.
*88 This discussion of the degrees of causation led directly into the paragraph in issue, and further development of the definition of causation — if it was a “material and important ingredient in causing the harm,” if it was a “substantial factor” or if it was only “slight,” the “it” being negligence. The implied condition in this discussion was that the jury first had to find that there was negligence, and then determine if it was a substantial or slight influence on the harm to the plaintiff. The jury eventually found that there was no negligence, and never got to the question of the degree of causation. Taken in the context of the prior instructions, and the subject with which the judge was dealing when he used the word “slight,” we are of the opinion that there was no error. See O’Connor v. Raymark Industries, Inc., 401 Mass. 586, 592 (1988).
Accordingly, the judgment on the jury’s verdict and the order denying a new trial are affirmed. This appeal is hereby dismissed.
So ordered.