Blake, J.
Plaintiff Eric Halbach (Halbach) suffered serious injuries when he fell as a result of uneven pavement on a public sidewalk adjacent to a commercial building owned by defendant 100 & 200 Clarendon Street, LLC (Clarendon), and operated, leased, and maintained by one or more of the remaining defendants (collectively, Normandy). Halbach and his wife, Kathleen Halbach, subsequently filed a complaint alleging that the defendants had a duty to either repair the sidewalk or warn pedestrians *670 and the city of Boston (city) of the hazard. Concluding that no such duty exists, a judge of the Superior Court allowed the defendants’ motion for summary judgment. We agree, and affirm.
Background. The following undisputed facts are taken from the summary judgment record. On June 4, 2009, Halbach was walking on Clarendon Street in the city, near the John Hancock garage (garage). He tripped and fell on uneven pavement on a part of the sidewalk directly adjacent to the garage, sustaining significant injuries as a result.[3] The sidewalk where Halbach fell is owned by the city. At the time of the fall, the commercial property adjacent to the sidewalk was owned by Clarendon and maintained by Normandy. After the incident, Normandy hired a company to grind down the uneven payment at a cost of $798.
On February 17, 2012, the plaintiffs filed a complaint in the Superior Court, which was amended on October 4, 2013. The amended complaint alleges that the defendants were negligent in their “ownership, control, maintenance and/or inspection” of the sidewalk adjacent to the garage by their “failure to ensure a safe pedestrian walkway” and their “failure to keep the area of the walkway free from defects and conditions rendering it unsafe.”[4] The defendants moved for summary judgment, contending that there were no genuine issues of material fact and that they were entitled to summary judgment as a matter of law. After a hearing, the judge allowed the motion for summary judgment, concluding that the defendants owed no legal duty to the plaintiffs and declining to create what the judge described as “an entirely new duty.” This appeal followed.
Standard of review. “We review a grant of summary judgment de novo to determine ‘whether, viewing the evidence in the fight most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.’ ” Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). “The moving party bears the burden of affirmatively demonstrating the absence of a triable issue.” Lev v. Beverly Enterprises-Mass., Inc., 457 Mass. 234, 237 (2010). “Conclusory statements, general denials, and factual allegations *671 not based on personal knowledge [are] insufficient to avoid summary judgment.” Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting from Olympic Jr., Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).
Discussion. The plaintiffs have conceded, both in their brief and at oral argument, that there are no genuine issues of material fact, agreeing that the question presented is one of law. They contend that the defendants owed a duty to the plaintiffs to repair or warn of hazards on the public sidewalk adjacent to their building. The plaintiffs claim that the duty stems from the defendants’ right and power to exercise control over the sidewalk, that the defendants breached that duty, and that Halbach was injured as a result.
‘“To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.” Jupin v. Kask, 447 Mass. 141, 146 (2006). Thus, in order to succeed on their claim of negligence, the plaintiffs here must first establish that the defendants owed them a legal duty of care. The existence or nonexistence of such a duty is a question of law and is, therefore, an appropriate subject for disposition by summary judgment. See O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000); Remy v. MacDonald, 440 Mass. 675, 677 (2004).
The duties of an owner of land abutting a sidewalk or other public way[5] are limited. Our case law establishes that such an owner must only ‘“refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travelers on the public way.” Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). See ibid. (discussing duty owed to pedestrian injured on public sidewalk by private abutting landowner). In other words, an owner is charged with the negative duty of refraining from creating an unsafe condition on the public way adjacent to his property, but no more. Ibid. See Farolato v. Springfield Five Cents Sav. Bank, 310 Mass. 806, 808 (1942) (‘“Unless the unsafe condition of the sidewalk resulted from a wrongful act or omission of the defendant, it had no duty — breach of which would constitute negligence — to keep the sidewalk in a reasonably safe condition for the use of trav- *672 ellers”); Mays v. Gamarnick, 326 Mass. 139, 141 (1950), and cases cited (abutter has no obligation to repair unsafe adjacent public sidewalk when condition is caused by an unrelated third party); Wallace v. Folsom’s Mkt., Inc., 343 Mass. 177, 178-179 (1961) (defendant abutter had no duty to correct condition on public sidewalk where no evidence was presented that condition was caused by any act or omission of defendant).
It is not surprising, then, that the plaintiffs cite no Massachusetts authority imposing an affirmative duty on landowners to inspect the public sidewalks adjacent to their land and, if a defect is discovered, a corresponding duty to either cure or notify the governing municipality.[6] Rather, as we have said, our case law establishes that the mere ownership of property abutting a public sidewalk is insufficient to create a duty to repair or warn of hazards on a sidewalk, particularly when it is a preexisting defect, not of the owner’s creation, that caused the injury.[7] See Kirby v. Boylston Mkt. Assn., 14 Gray 249, 252 (1860) (abutting landowners “are not responsible to individuals for injuries resulting to them from defects and want of repair in the side walk”). Applying this legal standard to the facts here, where it is undisputed that the sidewalk upon which Halbach fell is owned by the city and abuts the defendants’ garage, and where it is unconhoverted that the uneven sidewalk was not caused by an act or omission of any of the defendants, the plaintiffs have failed in carrying their burden to establish that the defendants owed them a duty of care.
The plaintiffs nevertheless claim that, because the defendants exercised control over the sidewalk, their lack of ownership does not shield the defendants from liability. The plaintiffs contend that Normandy’s act of grinding down the pavement after Halbach’s *673 fall is evidence of the defendants’ control of the sidewalk.[8] The argument overlooks the facts specific to this case.
Under some circumstances, “a duty of care may arise from the right to control land, even where the person held to such a duty does not own the land in question.” Davis v. Westwood Group, 420 Mass. 739, 744-745 (1995), citing Underhill v. Shactman, 337 Mass. 730, 733 (1958). That general principle does not apply here for two reasons. First, the record contains no evidence concerning the existence of any legal right of control possessed by the defendants over the sidewalk, but merely an unopposed remedial action. See generally Underhill, supra (examining parties’ commercial lease to determine who retained control over maintenance of shopping center parking lot). Second, the city, which is the owner of the sidewalk here, is a public entity statutorily tasked with control of sidewalk maintenance and repair. See G. L. c. 84, § 1, as amended by St. 1991, c. 552, § 52 (‘“[T]own ways . . . shall be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe and convenient for travelers”); Myers v. Lee, 8 Mass. App. Ct. 874 (1979); Farrell v. Boston Water & Sewer Commn., 24 Mass. App. Ct. 583, 587 (1987) (defect on public sidewalk falls within scope of G. L. c. 84). Compare Davis, supra at 747 (holding that power to control State highway ‘“lies with the State, and not with nongovernmental parties”); id. at 745, quoting from G. L. c. 81, § 13 (1992 ed.) (‘“State highways shall be maintained and kept in good repair and condition by the department [of highways] at the expense of the commonwealth”).[9]
Our conclusion also comports with the Commonwealth’s ‘“elaborate and comprehensive statutory system” establishing municipal liability for injuries resulting from defects in public ways. Huff v. Holyoke, 386 Mass. 582, 585 (1982). See ibid. (holding that by framing her complaint in terms of common-law nuisance, plaintiff could not avoid statutory limit on recovery of damages against municipality); G. L. c. 84, §§ 1, 15. See also *674 DiNitto v. Pepperell, 11 Mass. App. Ct. 247, 249-250 (2010).
Conclusion. There is no dispute that Halbach fell on uneven pavement on a public sidewalk and, as a result, sustained personal injuries. It is also undisputed, however, that the defendants did not create or contribute to the conditions of the sidewalk. In the absence of such evidence, under the common law as it presently exists in Massachusetts, the defendants had no duty as abutting commercial property owners to repair or warn of hazards on the public sidewalk.[10]

Judgment affirmed.

Halbach suffered a bilateral quadricep tendon rupture.

The amended complaint also includes counts against each defendant for loss of consortium by Kathleen Halbach.

See Diamond v. Newton, 55 Mass. App. Ct. 372, 374 (2002) (public way consists of entire width of dedicated land, including road and sidewalk).

The plaintiffs rely upon cases from other jurisdictions to establish a duty here. See, e.g., Stewart v. 104 Wallace St. Inc.. 87 N.J. 146, 157 (1981) (“[C]om-mercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their' property and are liable to pedestrians injured as a result of their negligent failure to do so”). The out-of-State cases are not controlling here, and are inconsistent with our common law.

The case of Papadopoulos v. Target Corp., 457 Mass. 368 (2010), cited by the plaintiffs, is inapposite. First, it involved an accident that occurred on a private parking lot. Id. at 369. Second, in that case, the Supreme Judicial Court abolished the distinction between the natural and unnatural accumulation of snow and ice and applied the standard of reasonable care to injuries resulting from any such accumulation. Id. at 383-384. The injury here did not result from an accumulation of snow or ice.

The plaintiffs correctly concede that “[e]vidence of postaccident safety improvements is not admissible to prove negligence.” Martel v. Massachusetts Bay Transp. Authy., 403 Mass. 1, 4 (1988). They also correctly argue, however, that such improvements can be introduced on the issue of control. See Mass. G. Evid. § 407 (2016).

For this reason, the plaintiffs’ reliance on Marsden v. Eastern Gas & Fuel Assocs., 7 Mass. App. Ct. 27 (1979), is misplaced. Although Marsden recognized that premises liability may depend upon the defendant’s control of the property, it did so in the context of a claim involving a private way. Id. at 29.

There is no merit to the plaintiffs’ contention that the motion judge erred in failing to consider the testimony of their expert witness. They concede that the testimony did not establish the defendants’ duty, but argue that the testimony was useful to establish the scope of that duty. As the defendants owed no duty of care to the plaintiffs, the testimony, which described industry standards regarding the scope of the duties of commercial landowners in maintaining abutting sidewalks, was not relevant.